FILED

2021 Jun-03  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER DESHAWN RIVERS,** )<br>)<br>)<br>**Claimant,** )<br>)<br>**vs.** )<br>)<br>**ANDREW SAUL, Social Security Administration, Commissioner,** )<br>)<br>)<br>**Defendant.** ) | **Civil Action No. 1:20-CV-00519-CLS** |

## MEMORANDUM OPINION AND ORDER

Claimant, Christopher DeShawn Rivers, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Mr. River's claim for a period of disability, disability insurance benefits, and supplemental security income.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant was represented by an attorney during the administrative proceedings, but he is proceeding *pro se* with his appeal in this court.[2]  He did not file any briefs in support of his claim.  Even so, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.  Upon doing so, the court concludes that the Commissioner's ruling is due to be affirmed.

Claimant alleged that he was totally disabled due to tendinitis in his feet:  a condition that resulted in swelling two or three times a month.[3]  He alleged that, during those flares, he could not sit or stand for longer than thirty or forty minutes without having to elevate his feet.[4]  However, none of claimant's medical records indicated any abnormalities.[5]  Claimant also admitted that he still was able to perform household chores, including preparing his own meals, as well as shop for groceries.[6]

The ALJ reviewed all of the available evidence and testimony and found that claimant had three medically determinable impairments:  plantar fasciitis;[7] arthritis;

---

[2] Tr. 27 (noting appearance at hearing of "Lee Hawk, Attorney for Claimant").

[3] *See* Tr. 35-37.

[4] *See* Tr. 55-56.

[5] *See* Tr. 349-74.

[6] *See* Tr. 290-98.

[7] Plantar fasciitis is a condition that "involves inflammation of a thick band of tissue that runs across the bottom of your foot and connects your heel bone to your toes (plantar fascia)."  Plantar Fasciitis, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/plantar-fasciitis/symptoms-causes/syc-20354846.

and obesity.[8]  The ALJ also found, however, that none of those impairments —
individually or in combination — significantly limited claimant's ability to perform
basic work activities.[9]  This court finds that the substantial evidence cited above
supports the ALJ's determination.

Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are
taxed against claimant.  The Clerk is directed to close this file.

**DONE** and **ORDERED** this 3rd day of June, 2021.

_____
Senior United States District Judge

---

[8] Tr. 17.

[9] *See* Tr. 17-20.

3